Francisco GARCIA, Petitioner–Appellant,

v.

Robert L. AYERS, Defendant–Appellee.

No. 00–55887.

D.C. No. CV–99–12476–MLR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 2002.

Decided April 10, 2002.

Before SCHROEDER, Chief Judge, CUDAHY,* and MCKEOWN, Circuit Judges.

### MEMORANDUM **

Francisco Garcia, a California prisoner, appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction after a jury trial for felony murder and related burglary crimes. We granted a certificate of appealability and appointed counsel.

Under AEDPA, we can reverse a state court's decision denying relief only if the decision either was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

■ Garcia first contends that the district court should have granted the petition on the basis of the erroneous admission at trial of statements elicited in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct.

1602, 16 L.Ed.2d 694 (1966). In order to hold that their admission constituted a constitutional violation justifying habeas relief, we must conclude that their admission had "[a] substantial and injurious effect or influence" on the verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *see Bains v. Cambra*, 204 F.3d 964, 977 (9th Cir.2000) (holding that *Brecht* standard applies in all federal habeas cases under § 2254), *cert. denied*, 531 U.S. 1037, 121 S.Ct. 627, 148 L.Ed.2d 536 (2000). There was ample evidence, independent of those statements, that placed Garcia at the crime scene and from which the jury could reasonably have inferred not only that Garcia had a gun but that he was involved with the robbery/burglary. Not only did the petitioner make numerous statements wholly independent of any elicited during custodial interrogation that placed him at the scene of the crime, there was physical and testimonial evidence that linked him to the crime.

■ Garcia also claims that a confusing felony murder instruction attempting to explain the effect of *People v. Ireland*, 70 Cal.2d 522, 75 Cal.Rptr. 188, 450 P.2d 580 (1969), violated Garcia's due process rights. There was no due process violation, however, as the ambiguities in the instruction tended to favor the defendant. Indeed, the instruction given was in material part requested by the defense itself. Habeas relief is not warranted.

The judgment of the district court dismissing the petition is AFFIRMED.

---

* The Honorable Richard D. Cudahy, Senior Circuit Judge for the Seventh Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.